### GLANZ v BAUER et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9364. Decided Feb 11, 1929

Kees, Marvin & Godfrey, Cleveland, for Glanz.

A F Counts, Cleveland, for Bauer et.

MIDDLETON, PJ, and MAUCK, J, of the 4th Dist, and ROBERTS, J, of the 7th Dist sitting.

MAUCK, J.

The defendants in error here have moved to strike the bill of exceptions from the files upon the ground that it was not allowed and signed within the statutory time. It appears, however, that the motion for a new trial was overruled and judgment rendered on May 5, 1928 and a bill of exceptions was filed on the 7th day of June, 1928, which was admittedly within the statute, and that exceptions were filed thereto, and that the bill and exceptions were received by the trial judge June 28, 1928. It further appears from the bill that because of the exceptions to the original bill, which was in narrative form, the trial judge permitted that narrative to be supplemented by a complete transcript of the testimony and that while the bill was constructively in his possession it was so amplified and was allowed by him September 8, 1928. From this we conclude that the bill was field, corrected, amended and allowed pursuant to the statutory provisions and the motion was consequently overruled.

The plaintiff in error by his brief and in oral argument rests his case soley upon the ground that the verdict and judgment were contrary to the weight of the evidence and the defendants in error by brief seem to claim that the verdict is sustained by sufficient evidence, solely on the theory that the evidence shows that there had been no sufficient publication of the will by the testatrix. It is not, and could not be claimed that the record shows that the testatrix was either incompetent or laboring under undue influence.

The record shows that the will was signed by the testatrix and her signature attested by two subscribing witnesses. This is sufficient proof of the due execution of the will under **Sec. 10505 G. C.** That section only requires that the subscribing witnesses see the testatrix subscribe. It does not in terms require that the testatrix make declaration of the fact that it is her will. The precise question has been determined by the Supreme Court in **Underwood vs Rutan, 101 O.S. 306.** It is there held:

"Where two subscribing witnesses have seen a testatrix subscribe her name to a will by directing another to sign her name thereto in her presence, the testatrix attaching her mark thereto and the signature so made is then attested and subscribed by said witnesses, in the testatrix's presence, the will is properly executed. In such case it is not necessary that the testatrix declare that the instrument is her will or that she signed it."

Upon the only phase of the case under which the defendants in error could claim that the verdict is sustained by the witnesses, we must find that that claim rests upon an erroneous interpretation of the law, and accordingly that the verdict and resulting judgment are contrary to the weight of the evidence.

We reverse the judgment because the verdict and judgment are contrary to the weight of the evidence.

Middleton and Roberts, JJ, concur.